**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KAREN LOUANN STEVENSON,    )
      )
    Plaintiff,    )
      )
vs.    )    Civil No.  17-cv-148-JPG-DGW
      )
COMMISSIONER of SOCIAL    )
SECURITY,    )
      )
    Defendant.    )

## ORDER for ATTORNEY'S FEES

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Petition for Authorization for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 30).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits.  The fee agreement between plaintiff and her attorney (Doc. 30, Ex. 1) provided for a fee of 25% of plaintiff's past-due benefits, including past-due benefits owed to eligible beneficiaries.  Plaintiff and her two children have been awarded past-due benefits based on plaintiff's disability record.  25% of the past due amounts equals $9,556.00.

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits.  However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*.  In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28

U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee, but the whole amount awarded was seized for payment to the U.S. Department of the Treasury for payment of plaintiff's outstanding debt owed to the U.S. Department of Education. Doc. 30, Ex. 2. Therefore, counsel is not required to credit plaintiff for the amount of the EAJA fee.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff and her children, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $9,556.00 is a reasonable fee here.

The Commissioner has responded that he does not oppose the motion. (Tr. 32). While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Petition for Authorization for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 30) is **GRANTED**. The Court awards plaintiff's counsel David W. Sutterfield a fee of $9,556.00 (nine thousand, five hundred fifty-six dollars).

**IT IS SO ORDERED.**

**DATED:  November 22, 2019.**

**DONALD G. WILKERSON**
**UNITED STATES MAGISTRATE JUDGE**